BREAUX, C. J.
The plaintiff company alleged that it is the owner of land described in its petition, and asked that a writ of injunction issue prohibiting the Webster Sand, Gravel & Oonstruction Company, its officers and agents, from trespassing on its land, and especially from maintaining a pond of water thereon, and depositing sand and other substances on same, and from damming the stream and drain above and *783 beyond petitioner’s land, which furnishes water to and across a natural drain. '
Plaintiff alleges that the land, which is described in the petition as lot 2, section 1, township 17 N., range 10 W., containing 40 acres, is worth over $2,000.
Plaintiff makes no other allegation in regard to the value of its property, nor does it claim damage or any right having any money value.
Defendant denies all that plaintiff claims, and avers that the dam of which it complains was constructed by the Jarrett Construction Company several years ago; that it is located on plaintiff’s land, where it was located with plaintiff’s consent; that, since its construction, it has served to maintain a pond of water on lands owned by respondent, the maintenance of which is necessary to its business of preparing gravel for commercial purposes; that, in no event, can respondent be ordered to remove the dam, as it was not constructed by its officers and agents.
Respondent denied that there is such a stream as plaintiff described, and averred that it has the right to maintain a dam for the purpose before mentioned.
The injunction of plaintiff was maintained in that part necessary to the protection of the rights that the court recognized as being in plaintiff.
In the prayer of the answer, defendant did not ask to be recognized as the owner of the 40-acre tract.
The judge of the district court decreed that the land belonged to plaintiff, and that defendant has no right to the use of the pond, as it claims it has, nor the right of depositing sand or gravel on plaintiff’s land, and to this extent' maintained the injunction.
The judgment allows 20 days to the defendant to construct a dam on its own land.
Plaintiff appealed.
The judgment as to defendant and appellee is final, as it has not joined in the appeal, and has asked for no amendment of the judgment.
Asserted Want of Jurisdiction Ratione Materia».
It is suggested in defendant’s brief that the appeal should be dismissed ex proprio motu for want of jurisdiction.
That defendant makes no claim to the 40 acres of land before mentioned by plaintiff as worth $2,000; that, even if worth that amount, there is no proof nor allegation as to the probable damage which plaintiff may suffer; nor is there any such allegation by defendant as to the damage it may suffer.
At the opening, just before the examination of witnesses, the following entry was made at the head of the note of evidence:
“It is admitted that the plaintiff acquired the 40 acres of land described in its petition as alleged therein”
—thereby leaving no question before the court in regard to the 40 acres of land or its value.
That was originally the only value before the court to enable the court to determine whether or not it had jurisdiction. It leaves issues of not sufficient value to maintain jurisdiction. No damage is claimed and no other demand made.
The issues are not within this court’s jurisdiction.
It is therefore ordered, adjudged, and decreed that the appeal is dismissed for want of jurisdiction ratione materise.
On proper oath, within- legal delay, the case will be sent down and transferred to the Court of Appeal.